IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NORTHWEST EARTH INSTITUTE,    )
    )
    Plaintiff,    )    TC-MD 150499N
    )
    v.    )
    )
MULTNOMAH  COUNTY ASSESSOR,    )
    )
    Defendant.    )    **FINAL DECISION**[1]

Plaintiff Northwest Earth Institute (NWEI) appeals Defendant's denial of its property tax exemption for the 2015-16 tax year for property identified as Account R149926 (subject property). The matter is before the court on the parties' stipulated facts and exhibits, and cross-motions for summary judgment.

## I. STATEMENT OF FACTS

NWEI is exempt from taxation under Internal Revenue Code (IRC) section 501(c)(3) and is organized for the public benefit of offering environmental education and services. (Stip Ex C at 1.) NWEI's Articles of Incorporation state that they will "promote human conduct which promotes sustainability of the earth and its resources." (*Id*.) NWEI has no private owners, but maintains a board and a staff. (Ptf's Mot Summ J at 8.)

NWEI offers two programs to serve their "members and the community at large" in order to promote sustainability of the earth and its resources. (Stip Ex D at 1.) The first program is the EcoChallenge. (*Id.*) The EcoChallenge "supports learning and behavior change of participants to the benefit of the individual, the organization they are a part of and the community at large."

---

[1] This Final Decision incorporates without change the court's Decision, entered October 18, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

(*Id.*) The EcoChallenge is an annual, free event that NWEI has offered since 2008. (*Id.*) In 2015, 4,330 members of the public participated in NWEI's EcoChallenge; over 2,000 were Oregon residents. (*Id.*) NWEI worked with 300 businesses, educational institutions, faith communities, and neighborhood groups to enroll individuals to participate in the EcoChallenge. (*Id.*)

To participate in the EcoChallenge, "individuals sign up on a website, create a personal profile, may choose to join a team related to their business or community, choose activities, and interact through the website to check their progress." (Stip Ex D at 2.) The EcoChallenge incorporates sustainability goals through water conservation, waste reduction methods, healthy eating suggestions, transportation methods that produce fewer carbon dioxide emissions, reduction of energy consumption, and the promotion of outdoor activities. (*See id.* at 1–2.) During the 2015 EcoChallenge, participants saved 28,925 pounds of carbon dioxide, 106,492 gallons of water, 158 pounds of paper, 4,027 disposable cups, and $8,407 worth of electricity. (Ptf's Ex 5.)

NWEI's second program is its series of 10 discussion courses. (Stip Ex D at 2.) The discussion courses are "comprised of materials produced or curated by NWEI and a pedagogy (designed by NWEI) to engage groups of people." (*Id.*) NWEI charges a fee of $28 for its discussion courses program. (*Id.*) The books cost NWEI between $45 and $55 per book to produce each year. (Decl of David Macek, NWEI Executive Director, at ¶ 5.) NWEI's fee covers "half the cost of creating and providing each course." (Stip Ex D at 2.) The other half of the cost of "creating and providing the course is a gift to the participants and covered by the generosity of many donors, [who] receive no direct benefit from their NWEI membership." (*Id.*) Occasionally, NWEI also provides the courses either for free or at a large discount. (*Id.*)

Through distribution of its below cost books, NWEI gifted more than $150,000 to the public during the fiscal year 2014-2015. (Ptf's Mot for Summ J at 10, citing Decl of Macek at ¶ 14.)

NWEI submitted an application for property tax exemption for its lease of office space located at the subject property. (Stip Facts at ¶ 10.) Defendant denied NWEI's tax exemption application for the subject property. (Stip Facts at ¶ 2.) According to its letter, Defendant denied the application because NWEI did not qualify for exemption under ORS 307.130. (*Id.*) "NWEI had previously received tax exemption for the past 23 years, but the application was denied based on what [Multnomah] County believed [was] a change in case law meriting denial of the exemption." (*Id.*)

## II. ANALYSIS

The ultimate issue in this case is whether the subject property is exempt from property taxation under ORS 307.130 for the 2015-16 tax year.[2] ORS 307.130(2) exempts from property taxation certain property owned by incorporated charitable institutions. Defendant determined that NWEI was not "charitable institution" within the meaning of ORS 307.130(2). In order to be a "charitable institution" under ORS 307.130(2), "(1) the organization must have charity as its primary, if not sole, object; (2) the organization must be performing in a manner that furthers its charitable object; and (3) the organization's performance must involve a gift or giving."
*SW Oregon Pub. Def. Services v. Dept. of Rev. (SW Oregon)*, 312 Or 82, 89, 817 P2d 1292 (1991). Defendant did not present a challenge under the second part of the *SW Oregon* test. (Def's Mot at 5–7) (discussing only the first and third parts of the test).

"Exemption is an exception to the general rule that all property is taxable." *Evergreen Aviation & Space Museum and the Captain Michael King Smith Education Institute, dba Wings*

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

*& Waves Water Park v. Yamhill County Assessor*, TC 5181, 5182, WL 1559051 at *2 (2016),

citing *Dove Lewis Mem. Emer. Vet. Clinic v. Dept. of Rev.*, 301 Or 423, 426-27, 723 P2d 320

(1986). "Oregon follows the rule that 'tax exemption statutes should be strictly construed in

favor of the state and against the taxpayer.' " *North Harbour Corp. v. Dept. of Rev.*, 16 OTR 91,

94–95 (2002), quoting *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 27, 343 P2d 893 (1959).

"In cases where the question is not legislative intent but whether a property fits the statute, even

in close cases, exemption will be denied." *Evergreen Aviation*, WL 1559051 at *2 (2016), citing

*Washington Co. Assessor II v. Jehovah's Witnesses*, 18 OTR 409, 422 (2006).

Summary judgment is proper where, construing the facts in the light most favorable to

the adverse party, "there is no genuine issue as to any material fact" such that "the moving party

is entitled to prevail as a matter of law." Tax Court Rule 47 C. As the party seeking relief,

NWEI bears the ultimate burden of proof and must establish its case by a preponderance of the

evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of

evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971).

A.      *Whether NWEI is a Charitable Institution*

        1.      *Whether NWEI has charity as its primary, if not sole, purpose*

The first part of the *SW Oregon* test requires that the organization "have charity as its

primary, if not sole, object[.]" 312 Or at 89. Historically, "charity" had a narrower meaning

under Oregon case law, but more recently, the legislature has expanded the definition. *See*

*YMCA v. Dept. of Rev.*, 308 Or 644, 652, 784 P2d 1086 (1989). "An institution shall not be

deprived of an exemption under this section because its purpose or the use of its property is not

limited to relieving pain, alleviating disease or removing constraints." ORS 307.130(4). "The

activity conducted by the charitable institution must be for the direct good or benefit of the

public or community at large.  Public benefits must be the primary purpose rather than a by-product."  OAR 150-307.130-(A)(3)(b). [3]  "[T]he the institution must perform a function or act which is good or beneficial for humans and other living things."  OAR 150-307.130-(A)(4)(c).

Defendant made two arguments against NWEI's claim that it has a charitable purpose: First, it argued that NWEI's purpose of "promot[ing] sustainability of the earth and its resources" is not a charitable function; second it argued that NWEI is organized primarily for the benefit of its participants, similar to *Grantmakers for Educations v. Multnomah County Assessor (Grantmakers),* TC-MD 021216E, WL 22119790 (Aug 21, 2003).  (Def's Mot at 4, 7.)

      a.     *NWEI's purpose*

> "What 'charity as primary, if not sole, object' stands for is that, as the first step in its analysis, the court must determine whether an organization seeking exemption exists to enrich the private individuals who own or operate it, or whether it exists to benefit society at large without an eye to private gain."

*Newspace Center for Photography v. Multnomah County Assessor (Newspace),* TC-MD 130545C, WL 3509471 at *5 (July 15, 2014), *citing Dove Lewis Mem. Emer. Vet. Clinic,* 301 Or at 427.  Courts regard an institution's articles of incorporation and bylaws as *prima facie* evidence of the purpose of the organization.  *Newspace,* 2014 WL 3509471 at *6.  Although those documents are *prima facie* evidence of the organization's purpose, they do not necessarily establish that the organization has charity as its primary, if not sole, object.  *Id.*

According to NWEI's Articles of Incorporation, NWEI is "organized for public benefit * * * [and] * * * exclusively for charitable and educational purposes * * *."  (Stip Facts at ¶ 4.) Article IV states NWEI "will promote human conduct which promotes sustainability of the earth

---

[3] The Department of Revenue has recently renumbered the Oregon Administrative Rules (OAR).  The new citation for the rule is 150-307-0120.

and its resources." (Stip Ex C at 1.) During the 2015 EcoChallenge, participants saved carbon dioxide, water, paper, disposable cups, and electricity. The reduction of carbon dioxide emissions and the conservation of other resources is a public benefit. Through education and promotion of sustainability practices, NWEI has benefitted the public with tangible results.

There is no evidence that NWEI had an "eye to private gain" through its promotion of sustainability. NWEI is a nonprofit corporation that has no private owners, but maintains a board and a staff. There is also no evidence that the board or the staff received any extra benefits, which could be considered private gain. Because NWEI promotes sustainability for the public benefit without an eye to private gain, NWEI has a charitable purpose.

>   b.      *Public rather than member benefits*

OAR 150-307.130-A states in relevant part:

> "The activity conducted by the charitable institution must be for the direct good or benefit of the public or community at large. Public benefits must be the primary purpose rather than a by-product. An organization that is established primarily for the benefit of its members, is not a qualifying charity."

OAR 150-307.130-(A)(3)(b). Defendant argues that NWEI does not provide any "direct charitable benefit to the public itself, but instead directs activities at other entities that actually perform the [charitable] work themselves." (Def's Mot Summ J at 5.) NWEI counters that it provides direct services to participants, who are members of the public, through the EcoChallenge and the discussion courses as well as "benefits to society at large, by encouraging the conservation of both natural resources and public services." (Ptf's Resp at 5.)

In *Grantmakers*, the plaintiff educated a network of philanthropic and charitable organizations to help those organizations achieve efficiency in their charitable work. 2003 WL 22119790 at *1. The plaintiff never worked directly with the public education system. *Id.* at *2. Instead, the plaintiff charged philanthropic organizations a membership fee and

educated them on how to efficiently benefit public education. *Id*. at *1. It charged its members a minimum of $250 and charged some members more than $7,000. *Id.* The court found that the primary beneficiaries of the plaintiff's service were the members that paid large fees for those services and any impact on the public education system was indirect. *Id*. at *2.

In *Orbis Cascade Alliance v. Lane County Assessor*, the plaintiff was a "literary institution dedicated to propagating and spreading the use of books." TC-MD 120812C, WL 3947938 at *1 (July 30, 2013). The plaintiff was created for "strengthening the libraries of public and private nonprofit academic institutions in order to support the work of their students, faculty, staffs, and researchers." *Id*. The plaintiff provided electronic information to colleges and universities to allow anyone who walks into a library or university to have free access to the *Orbis* databases, "regardless of whether they are associated with a college or university." *Id.* The plaintiff also provided an archives program that was available to the public through their web service that did not require any payment of fees. *Id*.

The defendant in *Orbis* argued that the plaintiff did not qualify under the exemption statute because they did not provide a direct benefit to the public, but rather provided a direct benefit to colleges and universities. 2013 WL 3947938 at *2. The court reasoned, "[t]he distinction in the rule is not between direct and indirect benefit to the public, but whether the benefit is for the direct good or benefit of the public [at large], rather than primarily for the benefit of the organization's members * * *." *Id*. at *3. The court found that the plaintiff's primary purpose was to benefit the public or community at large. *Id*. The fact that it accomplished that purpose through the "use [of] colleges, universities, and libraries * * * does not mean that the public benefit [was] a by-product." *Id*.

/ / /

The court reached a similar conclusion in *The Enterprise for Employment and Education v. Marion County Assessor (Enterprise)*, TC-MD 070841C, WL 36284750 (Oct 16, 2001). In *Enterprise*, the plaintiff was a Local Workforce Investment Board that contracted with service providers and other entities who then provided services to adults and dislocated workers. *Id.* at *1. The defendant in *Enterprise* denied the plaintiff's application for charitable exemption, comparing it to *Grantmakers* as a pass through organization. *Id.* at *2. However, the court ruled that the "Plaintiff's only benefit is to the public or community at large." *Id.* at *3. The court further reasoned that "the service providers with whom Plaintiff contracts are not the object of Plaintiff['s] charity, nor are they the ones who directly benefit from Plaintiff's activities." *Id.* The court held that the plaintiff existed primarily to benefit the public, not its own members. *Id.* at *5.

The court does not find the reasoning in *Grantmakers* applicable in this case. Unlike in *Grantmakers*, NWEI is not a pass-through organization that focuses on benefitting its members. The plaintiff in *Grantmakers* had a membership system with a fee structure. The court found in *Grantmakers* that the members were the primary beneficiaries of the services provided by the plaintiffs. Here, there is no evidence that NWEI limited its services to members. NWEI did not charge fees for at least one of its major services, the EcoChallenge.

Similar to the plaintiffs in *Orbis* and *Enterprise*, NWEI's primary purpose is to benefit the public at large. NWEI's focus is to "promote human conduct which promotes sustainability of the earth and its resources" and it is organized for the "public benefit." (Stip Facts at ¶ 4; Stip Ex C at 1.) Through the activities of its participants in the EcoChallenge and discussion courses, NWEI benefits the public at large. The fact that NWEI used a web service, discussion courses, and its participants to achieve its purpose does not mean the public benefit is a by-product. As in

*Enterprise*, the participants of the EcoChallenge and the discussion courses are not the primary object of NWEI's charity. NWEI's services focus primarily on promoting sustainability through education to create better practices for the good of people and living things, not only to benefit its members. Although participants indirectly benefit from the services provided by NWEI, the primary focus is to benefit the public through sustainable practices. Therefore, the court finds that NWEI has charity as its primary, if not sole, purpose.

      2.       *Whether NWEI's performance involves gift or giving*

OAR 150-307.130-(A)(3)(d) provides, in relevant part:

> "[The] element of gift and giving is giving something of value to a recipient with no expectation of compensation or remuneration. Often, a charitable organization's product or service is delivered to recipients at no cost or at a price below the market price or price to the organization of the product or service. Declarations of worthwhile purpose and charitable endeavors must be manifested in concrete endeavors and tangible reality which benefits the recipient. Unless this element of a gift or giving is present promises of future worthy endeavors are meaningless by inaction, and give the applicant no preferred status."

"The element of giving must be viewed from the "perspective * * * of the recipient of the charitable giving." *SW Oregon,* 312 Or at 91. NWEI argues that its performance involves an element of gift or giving because it provides the EcoChallenge web service for free and sells discussion courses below cost. (Ptf's Resp at 10.) Defendant argues that NWEI charges for the discussion courses and is therefore not charitable. Defendant concludes that "no gift and giving exists which is attributable to Plaintiff." (Def's Mot Summ J at 8.) Because the element of giving must be viewed from the perspective of the recipient, the court will analyze whether there is an element of gift or giving for both the EcoChallenge and the discussion courses.

      The court has concluded that public benefit is the primary purpose of the EcoChallenge. NWEI provided evidence of the results from its 2015 EcoChallenge. In 2015, the EcoChallenge helped participants avoid 28,925 pounds of carbon dioxide emissions and conserve 106,492

gallons of water, 158 pounds of paper, 4,027 disposable cups, and $8,407 worth of electricity. Those tangible benefits received by the public resulted from a free service provided by NWEI. The court finds that NWEI's free web-based service, EcoChallenge, is a gift to the public.

NWEI also offers below-cost discussion courses. OAR 150-307.130-(A)(3)(d) states, in part: "Often, a charitable organization's product or service is delivered to recipients at no cost or at a price below the market price or price to the organization of the product or service." NWEI charges $28 for its discussion course. The cost of producing discussion course books is approximately $50 per book. NWEI provides a product and service to the public at a price below its cost to produce the discussion books. NWEI occasionally provides the books and courses either for free or at a large discount. NWEI also supplies staff to facilitate discussion courses and point out relevant portions of the books, without receiving compensation for that time. The value of NWEI's gift was $150,000 in fiscal year 2014-2015. The court finds that the below-cost books and discussion courses include an element of a gift and giving.

In sum, the court finds that NWEI has charity as its primary, if not sole, object, and NWEI's performance involves a gift and giving.

B.    *Actual and Exclusive Use of the Subject Property*

The second statutory requirement for charitable exemption under ORS 307.130 is that the property be "actually and exclusively occupied and used in the * * * charitable * * * work carried on" by NWEI. There is no evidence that NWEI used the subject property for activities other than its charitable services.

/ /

/ / /

/ / /

III. CONCLUSION

After careful consideration, the court finds that NWEI has charity as its primary, if not sole, object, and NWEI's performance involves a gift and giving. NWEI is therefore entitled to property tax exemption under ORS 307.130 for the 2015-16 tax year. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is granted.

IT IS FURTHER DECIDED that Defendant's Motion for Summary Judgment is denied.

Dated this ＿＿ day of November 2016.

 

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on November 7, 2016.*